**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

FEDERAL TRADE COMMISSION, and the
STATE OF FLORIDA,

Plaintiffs, Case No.: 2:17-cv-00228-UA-MRM

v.

VYLAH TEC, LLC, *et al*.

Defendants,
_______________________________________/

**DEFENDANTS' MOTION TO PARTIALLY LIFT ASSET FREEZE TO RELEASE FUNDS FOR ATTORNEYS' FEES**

Defendants Vylah Tec, LLC; Express Tech Help, LLC; Tech Crew Support, LLC; Angelo J. Cupo, Robert Cupo, and Dennis Cupo (collectively the "Vylah Tec Defendants"), and Nicholson & Eastin, LLP, jointly file this motion to partially lift the asset freeze to release funds for past and future anticipated reasonable attorneys' fees, or in the alternative, to permit Nicholson & Eastin, LLP, to withdraw as counsel of record in this matter, and in support thereof state as follows:

## I. Introduction

On May, 2, 2017, this Court issued a Temporary Restraining Order [DE 9] that, *inter alia*, imposed a total asset freeze on the Defendants' assets. *See* DE 9, pp. 7-8. After successfully freezing approximately $690,000 in funds, the FTC subsequently consented to the release of only $10,000 as a retainer for the defendants' collective attorneys' fees. Pursuant to the Court's May 15, 2017, Consent Order [DE 21], $10,000 was released to Nicholson & Eastin, LLP's, trust account "for the limited purpose of providing a retainer." *Id.* Since that time, Defendants' counsel have diligently attended to the representation of the Defendants in this matter, including analyzing and investigating the allegations and evidence, drafting multiple motions and notices, preparing

for and attending the preliminary injunction hearing, engaging in extensive negotiations with both the FTC and the Receiver regarding various issues, including efforts to avoid the necessity of a preliminary injunction hearing, preparing an Answer to the Complaint, and engaging in other related legal tasks, all in a highly compressed timeframe under emergent circumstances.

To date, for legal services rendered, the Defendants have incurred attorneys' fees that significantly exceed the initial retainer. As a consequence, the Defendants are substantially indebted to undersigned counsel for legal fees incurred and, absent a release of the frozen funds, the Defendants cannot pay the past or anticipated future attorneys' fees in defending this case. Therefore, to continue representing the Defendants in the matter, the Defendants and undersigned counsel respectfully request the release of an additional $50,000 to cover past and future reasonable attorneys' fees.

In the alternative, if the Court is not inclined to release $50,000, undersigned counsel respectfully request that the permit the firm to withdraw as counsel of record in this matter, and that the Court authorize the release of $15,000 to offset accrued attorneys' fees. Under this alternative, undersigned counsel has agreed with the Defendants to compromise the total outstanding amount due and to accept $15,000 as payment in full so that the Defendants will no longer be indebted to the firm.

In making this request, we note that the Receiver accrued approximately ***$100,000*** in fees during a similar timeframe, and the Receiver's counsel accrued approximately ***$25,000,*** all to be paid from the frozen assets of the Defendants. Therefore, we respectfully suggest that it is eminently fair and reasonable for the firm to receive at least the same amount from the frozen

assets as the Receiver's counsel, particularly in light of the very substantial work that undersigned counsel has performed.[1]

## MEMORANDUM OF LAW

This Court has the authority to release or lower the amount of frozen assets. *See FTC v. USA Fin., LLC*, No. 8:08-cv-899-T-17MAP, 2008 U.S. Dist. LEXIS 59980, *8 (M.D. Fla. July 21, 2008) ("As a corollary to that authority, a court may also release or lower the amount of assets frozen.") (citing *S.E.C. v. Duclaud Gonzalez de Castilla*, 170 F.Supp.2d 427, 429 (S.D.N.Y. 2001)). Here, the Defendants are only seeking funds for reasonable attorneys' fees.

In similar FTC injunction cases, courts have routinely released funds from an asset freeze for Defendants' attorneys' fees. "[C]ourts imposing asset freezes pursuant to preliminary injunctions or TROs in FTC actions have routinely released funds to allow defendants to pay their reasonable attorneys' fees and cover living expenses." *FTC v. Click4Support, LLC*, No. 15-5777, 2015 U.S. Dist. LEXIS 153945 (E.D. Pa. Nov. 10, 2015) (citing *FTC v. Construct Data Publrs. A.S.*, No. 13-cv-01999, 2014 U.S. Dist. LEXIS 171677, *24 (N.D. Ill. Dec. 11, 2014) ("Generally speaking, asset freezes imposed pursuant to preliminary injunctions in FTC actions allow defendants to pay their reasonable attorneys' fees and costs."); *FTC v. Amy Travel Serv., Inc.*, 875 F.2d 564, 575-76 (7th Cir. 1989) ("While the issue of whether an asset freeze violates constitutional rights to counsel or due process is interesting, it is unnecessary for this court to reach the question. The trial court modified the asset freeze to allow for reasonable attorneys' fees and expenses. Counsel received between $50,000 and $70,000 for his time and effort."); *FTC v. Windermere Big Win Int'l, Inc.*, No. 98 C 8066, 1999 U.S. Dist. LEXIS 12259, at *18 (N.D. Ill.

---

[1] Should the Court wish to review the firm's related invoices *in camera*, we will file them under seal forthwith.

Aug. 5, 1999) ("[C]ourts in this circuit have allowed the payment of reasonable attorney's fees out of frozen assets."); *FTC v. QT, Inc*., 467 F. Supp. 2d 863, 866 (N.D. Ill. 2006) (noting that it is "routine" for courts to allow a defendant facing an FTC civil suit to pay their attorneys because this is "necessary to enable defendants to obtain representation" and ensure a defendant may "defend against the FTC's charges."); *F.T.C. v. Circa Direct LLC*, 912 F. Supp. 2d 165, 178 (D.N.J. 2012) (authorizing the release of an additional $129,095 from the frozen funds for legal fees)).

The Court in *FTC v. Click4Support, LLC*, No. 15-5777, 2015 U.S. Dist. LEXIS 153945 (E.D. Pa. Nov. 10, 2015) also observed that, "Moreover, district courts across the country have released funds in very similar circumstances." The court explained:

> *In FTC v. Health Formulas, LLC*, No. 2:14-CV-01649-RFB, 2015 U.S. Dist. LEXIS 59387, 2015 WL 2130504, at *4 (D. Nev. May 6, 2015), the district court judge allowed the temporary receiver to release funds frozen by a temporary restraining order to the defendants for the express purpose of covering living expenses and attorneys' fees. A court in New Jersey also approved a Stipulated Preliminary Injunction Order that allowed the temporary receiver to release a specific amount of funds to the defendants on a monthly basis, which the defendants in turn used to pay their attorneys' fees and cover their living expenses

*Id.* (citation omitted).

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 3.01(g) of the Middle District of Florida, I hereby certify that Undersigned Counsel for the Movant has conferred with Counsel for the Plaintiffs regarding the relief sought in this Motion in a Good Faith effort to resolve the issues raised in the Motion but was unable to do so. Counsel for the FTC asserted that the defendants should use the funds recently released by the Court for their personal living expenses to pay the attorneys' fees. Aside from the fact that the amount released is inadequate to pay the current or future fees, it would immediately leave the defendants back where they started – without adequate funds to live.

## CONCLUSION

For the reasons set forth above, this Court should enter an order partially lifting the asset freeze to provide for past and future reasonable attorneys' fees or, in the alternative, lifting the asset freeze to pay for past reasonable attorneys' fees and permitting Nicholson & Eastin, LLP, to withdraw as counsel of record in this matter.

Dated: June 8, 2017

Respectfully submitted,

NICHOLSON & EASTIN, LLP

s/ Robert N. Nicholson

Robert N. Nicholson
Florida Bar No. 933996
Robert@NicholsonEastin.com
Parker D. Eastin
Florida Bar No. 48044
Parker@NicholsonEastin.com
Nicholson & Eastin, LLP
707 N.E. 3rd Avenue, Suite 301
Fort Lauderdale, Florida 33304
Telephone: (954) 634-4400
Facsimile: (954) 634-448
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2017, a true and correct copy of the foregoing was filed and served via electronic case filing (ECF) on all counsel of record who have consented to electronic service and is available for viewing and downloading from the ECF system.

s/ Robert N. Nicholson

Robert N. Nicholson