UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FEDERAL TRADE COMMISSION and
STATE OF FLORIDA,

    Plaintiffs,

v.                                    Case No: 2:17-cv-228-FtM-99MRM

VYLAH TEC LLC, EXPRESS TECH
HELP LLC, TECH CREW SUPPORT
LLC, ANGELO J. CUPO, ROBERT
CUPO and DENNIS CUPO,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Defendants' Motion to Partially Lift Asset Freeze to Release Funds for Attorneys' Fees. (Doc. 64). Plaintiffs have filed a Response in Opposition to Defendants' Motion (Doc. 67), to which they have replied (Doc. 68).[2] For the following reasons, the Court grants Defendants' motion.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] Middle District of Florida Local Rule 3.01(d) requires a party to move the Court for leave to file a reply brief. Although Defendants failed to follow this rule, the Court will not strike their reply brief. But the Court will strike any future filings that do not comply with the Local Rules. The Court expects all parties to review and adhere to the Local Rules going forward.

The parties are well-versed in the facts and procedural history of this case, and they need not be detailed at length here. As indicated, Defendants move the Court to partially lift the asset freeze in order to release funds for past and future anticipated reasonable attorneys' fees, or, alternatively, to permit Nicholson & Eastin, LLP to withdraw as counsel. Although the Court has released $10,000 for Defendants to retain counsel and $21,500 for their living expenses, it will exercise its discretion to release an additional $50,000 to cover past and future reasonable attorneys' fees. *See FTC v. RCA Credit Services, LLC*, No. 8:08-cv-2062-T-27MAP, 2008 WL 5428039 (M.D. Fla. Dec. 31, 2008) (stating that, as a corollary to the district court's statutory authority to temporarily freeze assets, it "may also release or lower the amount of assets frozen" (citation omitted)). To date, defense counsel, among other things, has prepared for and defended a motion for preliminary injunction, investigated the allegations and evidence, and negotiated with the FTC and the Receiver during the agency's investigation. At this stage, the Court finds the request for $50,000 in past and future legal fees to be reasonable. In fact, the Receiver's counsel has already accrued at least $25,000 in legal fees.

It is not lost on the Court that Defendants' assets may fall short of the amount needed to compensate consumers for their losses. But, based on the evidence at the preliminary injunction hearing, Defendants have not procured all their assets through ill-gotten gains, and they should have legitimately-earned resources to defend themselves in this action.

Accordingly, it is now

**ORDERED:**

Defendants' Motion to Partially Lift Asset Freeze to Release Funds for Attorneys' Fees is **GRANTED**. (Doc. 64). The Court **DIRECTS** the release of $50,000 for Defendants to pay for reasonable past and future attorneys' fees.

**DONE** and **ORDERED** in Fort Myers, Florida this 21st day of June, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record