UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FEDERAL TRADE COMMISSION and
STATE OF FLORIDA,

    Plaintiffs,

v.                                           Case No:   2:17-cv-228-FtM-99MRM

VYLAH TEC LLC, EXPRESS TECH
HELP LLC, TECH CREW SUPPORT LLC,
ANGELO J. CUPO, ROBERT CUPO and
DENNIS CUPO,

    Defendants.
_____/

## PROTECTIVE ORDER

The Court enters this protective order pursuant to Fed. R. Civ. P. 26(c). All material obtained in the pretrial discovery of this litigation is presumptively public unless it satisfies the conditions set out herein.

### DEFINITIONS

A.    Confidential Material is material produced or received in pretrial discovery that (a) contains Sensitive Personal Information; or (b) has been certified as Confidential Material by an attorney pursuant Paragraph 1.

B.    "Sensitive Personal Information" means any (a) Social Security number; (b) sensitive health-related data including medical records; (c) biometric identifier; or (d) any one or more of the following when combined with an individual's name, address, or phone number: (i) date of birth, (ii) driver's license or other state identification number, or a foreign equivalent, (iii) military identification number, (iv) passport number, (v) financial institution account number, (vi) credit or debit card number; or (e) other sensitive

information relating to an individual entitled to confidential status under applicable law or by order of this Court.

PROVISIONS FOR TREATMENT OF CONFIDENTIAL MATERIAL

1. An attorney producing material in discovery may designate material as "Confidential Material" if the attorney certifies in good faith that the material contains:

    (i) Sensitive Personal Information, or

    (ii) trade secret(s) or other confidential research, development, or commercial information that is not known to be in the public domain and that, if disclosed to unauthorized persons, would cause competitive or other recognized harm; and that good cause exists to overcome the presumption of public access to material obtained in pretrial discovery

    a. The certifying attorney must only designate specific materials that qualify for this designation. Mass, indiscriminate or routinized designations are prohibited.

    b. To the extent practicable, only those parts of documents, items, oral or written communications that require protection shall be designated.

2. Confidential Material must be marked as follows:

    a. Mark paper materials "CONFIDENTIAL." If paper material is only confidential in part, mark only the portions of the material that are confidential.

    b. Mark electronic materials "CONFIDENTIAL" by marking each electronic document that is confidential. Also mark the electronic storage medium, as well as any electronic file and folder name CONFIDENTIAL.

    c. Designate deposition transcripts as Confidential Material within ten days of receipt of the final transcript by identifying the specific page(s) and line

        number(s) that constitute Confidential Material. If testimony is identified as confidential during a deposition, absent agreement on the scope of confidentiality, the entire transcript shall be treated as confidential until ten days after receipt of the final transcript.

3. An inadvertent failure to mark Confidential Material prior to disclosure does not preclude a subsequent designation, but no prior disclosure of newly designated Confidential Material by a recipient shall violate this Order.

4. Within ten days of a written objection to the designation of Confidential Material, the designating party must move the Court to uphold the designation. The burden of proving that the designation is proper is on the designating party. Failure to seek timely an order upholding the designation terminates confidential treatment.

5. Confidential Material may only be disclosed to:

   a. the Court and court personnel;

   b. the parties' outside counsel and designated employees only to the extent necessary to assist in the litigation;

   c. experts and contractors consulted or retained by the parties or counsel, and their employees, provided that they agree in writing to abide by this protective order or execute FTC Form X33-Nondisclosure Agreement for Contractors;

   d. any person, including witnesses, who had prior access to the Confidential Material or participated in a communication that is the subject of the Confidential Material; and

   e. witnesses and their counsel who agree in writing to abide by this protective order.

6. Disclosure of Confidential Material to any person described in Paragraph 5 shall be only for the purposes of the preparation and hearing of this proceeding, or any appeal, therefrom.  Provided, however, that the Commission may, subject to taking appropriate steps to preserve its confidentiality, use or disclose such Confidential Material as provided by 16 C.F.R. §§ 4.9-4.11; 45 U.S.C. §§ 46 and 57b-2, or any other legal obligation imposed upon the Commission.

7. Confidential Material shall only be filed with a motion to seal the material, unless the party introducing the material provides the designating party notice of its intention to publicly file the material at least 14 days in advance of filing to provide an opportunity for the designee to seek further protection from the Court.  If the designee seeks protection within the 14 days, the materials may only be filed with a motion to seal until the Court has ruled on the designee's request.

8. At the conclusion of this case, any consultant or other person retained to assist counsel in the preparation of this action shall destroy or return all Confidential Materials and any other materials containing confidential information.  All Confidential Materials held by the parties shall be destroyed or returned to the designee, except that the FTC shall retain, return, or destroy Confidential Materials in accordance with 16 C.F. R. § 12.

9. This Order continues to govern Confidential Material after conclusion of the case absent further order of the Court, but the Court shall retain jurisdiction to enforce it for a period of no more than ninety (90) days after final judgment in the action, including the exhaustion of all appeals, or after dismissal pursuant to a settlement agreement.  The Court expressly declines to retain jurisdiction over this matter beyond this ninety (90) day period.

**DONE AND ORDERED** in Fort Myers, Florida on December 13, 2017.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties