UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

Federal Trade Commission and State of Florida,

Case No. 2:17cv228-FtM-PAM-MRM

Plaintiffs,

v.

**ORDER**

Vylah Tec, LLC d/b/a VTEC Support, Express Tech Help, LLC, Tech Crew Support, LLC, Angelo J. Cupo and Robert Cupo,

Defendants.
_____

This matter is before the Court on the parties' Motions in Limine. Trial in this matter is set to begin on Tuesday, March 5, 2019.

**A.   Plaintiff's Motion regarding business and financial records**

Plaintiff asks the Court to issue a pre-trial ruling that certain certified bank statements and checks are authentic and admissible under Federal Rules of Evidence 401, 402, 901, 902, and 803. Defendants concede that these bank records comply with Fed. R. Evid. 901, 902, and 803, but allege that the bank records should be excluded because Plaintiffs failed to comply with disclosure requirements under Fed. R. Civ. P. Federal Rule of Civil Procedure 26(a)(1)(A)(iii).

The Court is satisfied that Plaintiffs have provided Defendants with adequate documentation regarding their use of business and financial records in accordance with Rule 26(a)(1)(A)(iii). Defendants take issue with "First Citizens Bank" statements,

arguing that they must be excluded because they have been notarized and are therefore different documents than those produced during discovery. Plaintiffs allege, and Defendants seem to agree, that the substance of these bank statements was produced during discovery. The fact that the newly-produced copies have been notarized is a harmless change. Further, Defendants had access to all bank records Plaintiffs rely on in this litigation, which negates any risk of surprise or harm. Should Defendants find that the documents have been altered in a material way, they may bring that to the Court's attention.

Finally, Defendants allege that some of the exhibits are inadequate based on Fed. R. Evid. 106's "rule of completeness." Defendants also attack the relevancy of some of the financial records. If additional documents must be admitted under Rule 106, Defendants may seek to introduce those documents at the appropriate time. Other "errors" Defendants complain of may be properly addressed during argument and cross-examination at trial, or by proper objection. Plaintiffs' Motion will therefore be granted as it pertains to authentication and admissibility under Federal Rules of Evidence 901, 902 and 803, and Federal Rule of Civil Procedure 26. However, this grant of admissibility is subject to specific objection at trial on other grounds.

**B.     Defendants' Motions**

    **1.     Exclusion of asset evidence of non-parties**

Defendants seek an order excluding any evidence or testimony relating to non-party Tech Logic Support, LLC. Defendants argue that because the FTC has no claims against Tech Logic Support, any evidence relating to that entity is irrelevant.

As a threshold matter, "[i]t is unnecessary, in bench trials, for a court to determine whether to exclude evidence prior to the start of trial . . . [t]he rationale underlying pre-trial motions in limine does not apply in a bench trial, where it is presumed that the judge will disregard inadmissible evidence and rely only on competent evidence." Alan L. Frank Law Assocs., P.C. v. OOO RM Invest, No. 16-22484, 2016 WL 9348064 at *1 (S.D. Fla. Nov. 30, 2016).

Moreover, evidence relating to Tech Logic Support is certainly relevant, as Plaintiffs allege that the entity was used to store profits from the other corporations under the corporate umbrella of "Vtec." Therefore, some of Tech Logic Supports' funds may be relevant to claims such as unjust enrichment. This Motion is denied without prejudice to specific objection at trial.

### 2. Bank records as Defendants' business records

Defendants seek an order precluding Plaintiffs from attributing third-party bank records as Defendants' own business records. Defendants fear that inaccuracies or other issues with the records will be attributed to them.

Any issues with the presentation or characterization of bank record evidence is more properly dealt with by objection at trial, where the Court has the benefit of context, than at the motion-in-limine stage. The Motion is denied without prejudice to specific objection at trial.

### 3. Exclude testimony and related exhibits of Emil George

Defendants seek to exclude the testimony and related documents of Emil George. Defendants again argue that Plaintiffs failed to comply with Federal Rule of Civil

Procedure 26(a)(1)(A)(iii) by failing to provide George's damages computation and underlying documentation.

As stated above, the Court is satisfied that Plaintiffs have met their discovery obligations with respect to George's testimony and documentation. Further, the information supporting George's calculations is Defendants' own bank and financial records. Defendants' claim of harm is without merit.

Defendants also argue that George is an undisclosed expert witness and should be excluded on that basis. However, the Court has already rejected this argument in its Order on the parties' motions for summary judgment. (Docket No. 330 at 4.) This Motion is denied without prejudice to specific objection at trial.

### 4. Exclude testimony and related exhibits of Barry Mukamal

Defendants seek an order precluding reports, exhibits, and testimony of the Receiver in this matter, Barry Mukamal. Defendants argue that Mukamal's testimony will be based on "scientific, technical, or other specialized knowledge" and therefore he is an undisclosed expert witness. Fed. R. Evid. 702. Defendants further argue that Mukamal's reports and related exhibits are inadmissible.

It is premature to determine whether the Receiver will testify on the basis of scientific, technical, or specialized knowledge. A receiver may properly introduce evidence and testimony based on their role as a fiduciary agent of the court, including their rational perceptions from an investigation, rather than as an expert. Issues with Mukamal's testimony may be properly dealt with by objection at trial.

By the same token, Defendants request to exclude Mukamal's reports and related exhibits is also premature. Plaintiff has established that Mukamal's testimony and reports are relevant to the issues to be tried. The admissibility of specific documents and exhibits can be more properly addressed at trial, with context. This Motion is denied without prejudice to specific objection at trial.

5. **Exclude evidence and arguments relating to Plaintiffs' ancillary claim**

Defendants seek an order excluding any evidence and argument regarding ancillary relief against the Corporate Defendants, arguing that monetary relief is precluded. Defendants rely on a sentence in this Court's Order on summary judgment, stating "the FTC's request for injunctive relief against Vtec is moot because the corporations have been dissolved." (Docket No. 330 at 13.)

Defendants misconstrue the Court's Order. The sentence at issue addresses the FTC's request for injunctive relief that would ban the Corporate Defendants from conducting misleading activities in the future. Because the corporations have been dissolved, that specific form of injunctive relief was moot.

The FTC is entitled to seek monetary and other ancillary relief against all Defendants??. The grant of statutory authority to issue an injunction under section 13(b) of the Federal Trade Commission Act "carries with it the full range of equitable remedies, including the power to grant consumer redress and compel disgorgement of profits." FTC v. Gem Merchandising Corp., 87 F.3d 466, 468 (11th Cir. 1996). Finally, courts have rejected the "contention that ancillary equitable relief can only be ordered

where primary injunctive relief has been granted." FTC v. Home Assure, LLC, No. 8:09-cv-547, 2009 WL 1043956, at *21 (M.D. Fla., April 16, 2009).  The Motion is denied.

### 6. Exclude evidence regarding Plaintiffs' monetary claim

Defendants seek an order excluding any evidence and argument regarding Plaintiffs' monetary demand, again arguing that "monetary awards" are not authorized under section 13(b) of the FTC Act.  As stated above, section 13(b) allows a full range of equitable remedies, including monetary equitable remedies.  The cases Defendants cite to establish a different result are inapposite.  The Motion is denied.

### 7. Exclude evidence relating to web-based advertising

Defendants contend that any evidence or argument relating to their use of web-based advertising is irrelevant.  Defendants argue that they stopped using pop-up advertising in 2015, and therefore Plaintiffs have no statutory basis for relief because § 13(b) only grants the FTC authority to prosecute a defendant who is violating or is about to violate the law.

But, Defendants engaged in web-based advertising beyond the use of pop-up ads, including representations on their own website.  A sweeping order excluding all mention of web-based advertising would be overbroad.

Additionally, Defendants use of pop-up advertising is relevant to the FTC's claims for several reasons.  First, the evidence provides context and background.  Second, "[e]ven if the defendants have altered some of their deceptive practices, injunctive relief is still appropriate when there is a 'cognizable danger of recurrent violation' . . . [p]ast unlawful conduct is a critical element in determining the likelihood of future violations."

FTC v. Kitco of Nevada, Inc., 612 F. Supp. 1282, 1298 (D. Minn. 1985). As stated above, § 13(b)'s "injunctive relief" includes equitable monetary relief. Accordingly, Defendants past conduct is relevant to the Court's consideration of the monetary equitable remedies § 13(b) authorizes.

Finally, Defendants' attack on the Court's subject-matter jurisdiction fails, as this Court has ruled that Defendants violated the FTC Act by deceiving customers through improper sales tactics. Defendants' focus on the vehicle for their misrepresentations—be it pop-up ads or Home Shopping Network Vouchers—is misplaced. Liability has attached based on Defendants' deceptive sales practices, regardless of their origins, and therefore evidence of web-based advertising is admissible as it relates to said misrepresentations. The Motion is denied without prejudice to specific objection at trial.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiffs' Motion in Limine (Docket No. 348) is **GRANTED**; and
2. Defendants' Motions in Limine (Docket No. 347) are **DENIED** as set forth above.

Dated: February 28, 2019

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge