UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FEDERAL TRADE COMMISSION, and the
STATE OF FLORIDA

    Plaintiffs,                                CASE NO.: 2:17-cv-00228-AU-MRM

v.

VYLAH TEC, LLC et al,

    Defendants,
_____/

## RECEIVER'S OBJECTION TO MAGISTRATE'S JUNE 14, 2019 REPORT AND RECOMMENDATION

The Receiver objects to the Magistrate's recommendation set forth in his June 14, 2019 Report and Recommendation [**ECF 415**] (the "R&R") pursuant to 28 U.S.C. §626(b)(1) and Rule 6.02 of the Local Rules for the Middle District of Florida. The statute provides that the Court is to "make a de novo determination of those portions of the report and recommendation to which objection is made." Both the statute and the Rule provide that "[t]he District Judge may accept, reject, or modify in whole or in part, the report and recommendation of the magistrate judge or may receive further evidence or recommit the matter to the magistrate judge with instructions." For the reasons set out below, the Receiver requests that the Court accept further evidence,[1] reject certain recommendation made in the R&R and modify other recommendations.[2]

---

[1] Contemporaneously with the filing of this Objection, the Receiver is submitting the June 25, 2019 affidavit of Barry E. Mukamal ("Mukamal Aff.") and the June 28, 2019 affidavit of P. Benjamin Zuckerman ("Zuckerman Aff."), which, among other things, supply the readily available expense back-up the Magistrate's R&R found lacking.

[2] The R&R makes recommendations regarding the Receiver's November 7, 2018 Application for Receiver's Fees and Expense Reimbursement and for Attorneys' Fees and Expenses, ECF 303. That application, the Defendants' Opposition [**ECF 312**], and the Receiver's Reply to Defendants' Opposition to Receiver's Application for Receiver's Fees and Expenses [**ECF 314**] are incorporated herein by reference.

## I.     INTRODUCTION; PROCEDURAL HISTORY

On May 2, 2017, the Federal Trade Commission ("FTC") and Florida Attorney General's Office ("FLAG") brought the above-entitled action against three related entities, Vylah Tec LLC, Express Tech Help LLC, Tech Crew Support LLC (collectively "VTec"), and 3 alleged principals of VTec. [**ECF 2**]  The complaint alleged the defendants had committed deceptive acts and practices in violation of 15 U.S.C. § 45(a) (the "FTC Act") and Fla. Stat. 501.204, Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA").  Contemporaneously, the FTC and FLAG sought a Temporary Restraining Order ("TRO"), a Preliminary Injunction, and a receiver.  [**ECF 4**].

Prior to the filing of the complaint and TRO motion, the FTC had reached out to Barry Mukamal (and, presumably, others) to obtain information pertinent to whether to recommend that the Court appoint Mr. Mukamal as the Court's receiver should the Court issue a TRO and appoint a receiver.  A copy of the letter Mr. Mukamal sent the FTC in response is attached to Mr. Mukamal's June 25, 2019 affidavit ("Mukamal Aff.") as Exhibit 1.

Other than responding to the request for information concerning his experience and willingness to provide services at discounted rates (as specified in the letter itself), Mr. Mukamal had no role in bringing suit, seeking a TRO or subsequent Preliminary Injunction, or seeking a receivership of VTec.  Mr. Mukamal was never requested and never opined on the need or propriety of there being a receivership.

By Order dated May 2, 2017, the Court entered the TRO and appointed Mr. Mukamal as the Court's Temporary Receiver.  [**ECF 9**] The TRO expressly authorized the Temporary Receiver to retain personnel to carry out his duties as receiver, including counsel, and expressly provided in Section XIV that

> "the Temporary Receiver and all personnel hired by the Temporary Receiver as herein authorized, including counsel to the Temporary Receiver and accountant, are entitled to reasonable compensation for the performance of duties pursuant to this Order, and for the cost of actual out-of-pocket expenses incurred by them, from the assets …[of] the Receivership Defendants."[3]

By Order entered June 4, 2017, the Court entered it Preliminary Injunction and continued Mr. Mukamal as Receiver. [**ECF 62**] The Preliminary Injunction (at Section X.I) expressly authorized the Receiver to retain personnel, again including counsel and, at Section XV, it reiterated the entitlement to reasonable compensation.[4]

While he was Temporary Receiver, and as Exhibit 1 to the Fee Application at issue reflects [**ECF 303-2**], Mr. Mukamal and his team expended 377.1 hours between May 2, 2017 and June 4, 2017, for which they sought $125,379 in fees,[5] and the Temporary Receiver had out-of-pocket expenses of $754.61. During the Temporary Receivership, his counsel expended 71.5 hours for which it sought $29,140 in fees and reimbursement of $717.34 in out of pocket expenses.[6] [**ECF 303-13, 14 and 15**]

Once appointed Receiver per the Preliminary Injunction Order and through June 30, 2018, the Receiver expended an additional 779.3 hours for which he sought an additional $230,105.25 in fees,[7] and the Receiver expended another $1,378.45 in out-of-pocket expenses for which he requested reimbursement. Counsel (through July 31, 2018) expended another 28.4 hours for which it sought $10,886.50 in fees and expended an additional $64.80 in expenses for which it sought reimbursement.

---

[3] There is no per-hourly rate limitation for the Temporary Receiver's compensation contained in the TRO. There is no indication whatsoever that the Court was even aware of Mr. Mukamal's offer to limit his fees in any way.
[4] There is no hourly rate limitation for the Receiver contained in the Preliminary Injunction Order.
[5] Using a $295 blended hourly rate this results in a $111,244.50 fee result.
[6] Attached to the Zuckerman Affidavit as Composite Exhibit 1 and Composite Exhibit 2 is the readily available record backup for the Expenses incurred through July 31, 2018 and April 30, 2019 respectively.
[7] At a $295 blended hourly rate, this would amount to a $229,893.50 fee.

The R&R substantially trimmed the Receiver's fee request, which covered both the fees as Temporary Receiver and as Receiver through June 30, 2018 (from $386,161.06 to $221,749.29), reduced the fees of Counsel from $122,295 to $114,008.61, and disallowed the expenses of both ($2,133.06 of the Receiver's, and $2,784.55 of counsel's).

II. **THE R&R WRONGFULLY DEDUCTS FROM THE RECEIVER'S FEE AND EXPENSE REQUEST**

The R&R's recommended reduction to the Receiver's requested fees and expenses makes several errors: it misinterprets the original fee rate proposal; it improperly reduces the Receiver's time by 23.1 hours; after the reduction to the fee request by applying the $295 per hour cap (reducing the request by some $45,000 from $386,161.06 to $341,152.75), the Magistrate then recommends that an arbitrary a 35% reduction be applied to the $341,152.75 resulting balance (further reducing the request by some $119,000); and it disregards what the expense Exhibit (Exhibit 3, **ECF 303-11**) reveals on its face (and the fact that no party objected to the expense claim, as the parties clearly accepted that the expenses had been incurred).[8]

**The Hourly Rate**.

The R&R misinterprets the fee proposal made by the Receiver in connection with this matter before his appointment and, although not referenced in either the TRO or Preliminary Injunction and neither Order contains any free rate cap or limitation or reduction to the Receiver's customary rates, the R&R purports to apply the proposal. The R&R actually misapplies it. Contrary to the intimation in the R&R (at p. 8), the $295 hourly rate the Receiver proposed in April of 2017 was not for the Receiver **alone**. Rather it was the blended rate of the

---

[8] The Defendants objection to the Receiver's fee application [**ECF 312**] was that the receivership was wrongfully obtained, and the Receiver provided no benefit (and, although rejected by the R&R, that the Receiver was partisan). Nowhere in the 21-page Objection is there a challenge to **any** expense.

team he would assemble to accomplish the directives of his appointment.  *See* Mukamal Aff. ¶ 2, and **Exhibit 1** thereto.[9]  Although not included in either the TRO or the Preliminary Injunction Order appointing him, the Receiver will nevertheless agree to a $295 per hour blended rate determination.

Because the Magistrate misinterpreted the original fee proposal, he then used his lack of information about the "identities, roles, qualifications, or experience" of the Receiver's team members and "recommended that the Receiver's application be reduced across the board."  R&R p. 9.  To the extent pertinent, the Receiver's affidavit provides the information the Magistrate found lacking, *see* Mukamal Aff. ¶¶ 4 and 5.[10]  Moreover, using a $295/hour blended rate results in a significantly lower fee than using the receivership team members' customary rates.  *See* Mukamal Aff. ¶ 6.

### The Hours Expended

The Receiver's Deposition and Deposition Prep Time:  The Magistrate recommends that "23.1 hours of the Receiver's time allegedly spent preparing for his deposition" be a basis for applying a 35% across-the-board reduction to the fee request because, although the Magistrate acknowledges "[t]he billing records reflect" the time the Magistrate considered to be preparation time, the Receiver testified at the deposition of him finally held on May 10, 2018 that he did not do anything to prepare for his deposition, and the Receiver took a one hour phone call regarding another matter during the 8-hour deposition.  The billing records themselves clearly reflect that the Receiver had prepared for earlier scheduled depositions, but did not do anything further to prepare for his deposition after Cause of Action failed to appear for the first scheduled date on

---

[9] 28 U.S.C. §626(b)(1) and Local Rule 6.02 both provide that "[t]he District Judge . . . may receive further evidence" in connection with its de novo review of a magistrate's report and recommendation.  Exhibit 1 to the Mukamal Affidavit makes it clear that the Receiver was willing to have his team all work "at the lower of 85% of our customary rates by class or a blended rate not to exceed $295 per hour."

[10] As reflected in the application exhibits, the Receiver's customary rate during the applicable period was $520/hour.

March 30, 2018. Moreover, the billing records contemporaneously maintained actually reflect the Receiver only expended 12.9 hours between 2/21/18 and 5/10/18 preparing for and attending the "no show" version and the actual deposition, not 23.1 hours.[11] Those records also reflect no time expended in preparation after the 3/30/18 'no show' deposition scheduled of the Receiver, so his testimony was accurate.

    <u>The Block Billing Issue</u>:

The 35% across-the-board recommended fee reduction was also made because the Magistrate was "unable to conclude that all of the Receiver's [team members'] hours spent on this matter are reasonable," because of what he found to be block billing. R&R at p. 10. The Magistrate actually cites to 19 separate billing entries he contends are improperly block billed. *Id.* The Receiver does not agree that all of the cited entries are improperly block billed.[12] More importantly, the block billed time itself aggregates a total of $17,882 of time at customary rates. Even if the **entirety** of the claimed block billed time ($17,882) and the **entirety** of the time the Receiver spent preparing for his deposition, travelling to his deposition and taking a phone call at his deposition was eliminated (12.9 x $295 = $3,805.50), the resulting reduction to the fee ($17,882 + 3,805.50 = $21,687.50) would pale in comparison to the $119,403.46 the across-the-board reduction the R&R actually recommends. Moreover, if any percentage reduction is

---

[11] 0.7 hours on 2/21/18; 0.8 hours on 2/24/18; 1.4 hours on 2/24/18; 2.0 hours on 3/30/18 (when Cause of Action did not show up for the deposition it had scheduled); and 8.0 hours on 5/10/18 when the deposition finally was actually held. Because the deposition had original been scheduled by Cause of Action for 3/5/18 and then moved twice before its 3/30/18 "no show," *see* 3/30/18 BEM billing entry, the Receiver's response to what he had done for the 5/10/18 deposition was actually accurate. Moreover, the deposition was not at the Receiver's then Miami office, but at his counsel's Fort Lauderdale office, thereby requiring some travel time for either the Receiver or his counsel, and the Receiver had some conversation with the Plaintiffs' counsel once he arrived for the deposition. The 8 hours billed for that day was less than the time actually expended that day in this matter.

[12] For example, the Receiver's 5/5/17 entry of 2.9 hours is simply an over-delineated description of the analysis being undertaken; the Receiver's 5/15/18 entry of 1.9 hours is again an over-delineated description of the evaluation being made; and Frank Kessler's (FMK) 5/26/18 entry of 8.8 hours and his 8/11/18 entry of 2.8 hours relate solely to the work done to assist in preparing a single Receiver's report those days.

appropriate (the Magistrate used 35%), the percentage should be applied to the problematic entries, not the entire fee request. ($21,687.50 x 35% = $7,590.63). There is no justification for any substantially greater reduction.[13]

<u>The Receiver's Expenses</u>: Exhibit 3 to the application [**ECF 303-11**] details the expenses actually incurred by the Receiver. Although the Defendants objected to the Receiver's fee request, they did not object to the expenses. The Plaintiffs objected to no part of the application. The Receiver's affidavit attaches all readily available expense back-up for the expenses.[14] The expenses, which are out-of-pocket expenses actually incurred between May 2.2017 and June 30, 2018, should be reimbursed, and the R&R recommendation concerning expenses should not be accepted.

### III. THE R&R WRONGFULLY DEDUCTS FROM COUNSEL'S EXPENSE REQUEST

With respect to the Receiver's counsel, the Magistrate recommends that all time expended in drafting a proposed Complaint that the Receiver ultimately chose not to file (21 hours) should be deducted, and that all expenses ($2,784.55) be denied as the back up the Magistrate believes necessary was not provided. R&R at p. 16 -17. The Receiver disagrees with respect to the drafted Complaint – how was the Receiver to gauge the wisdom of proceeding or not proceeding without research and an analysis being done to reveal what could be done, and why was it not prudent to await the Court's decision regarding the merits – but will not press the point here. The expenses are a different matter: they were actually incurred and more than a year ago; $687.20 represent reimbursement for mileage for events of record, where counsel's appearance is referenced, and the actual mileage and details of event are reflected on the Exhibits attached to the application (Exhibits 5(a) and 5(b)); no party ever objected to any of the

---

[13] The amount the R&R recommends would provide the Receiver with less than 58% of his customary rate fees.
[14] *See* Mukamal Aff. ¶¶ 7 and 8.

expenses; and the readily available back-up the Magistrate found lacking is attached to the Affidavit of P. Benjamin Zuckerman as its Composite Exhibit A. The expenses should be reimbursed.

## IV. CONCLUSION

The Court should reject the Magistrate's recommendations regarding all adjustments to the Receiver's fees from the $295/hour blended rate.[15] Utilization of the $295/hour blended rate itself reduces the Receiver's requested fees from $386,161.06 to $341,152.75, a $45,008.31 reduction. If any adjustment is to be made to this resulting number, it should be to the entries the Magistrate found problematic, the alleged block billed time ($17,882) and the $3,805.50 the Receiver has sought for his preparation and attendance at his own deposition. Anything more is not to provide the Receiver with the reasonable fee to which a receiver is entitled. *See Federal Trade Commission v. Worldwide Info Services, Inc.,* 2014 WL 12611353 *1 (M.D.Fla. April 24, 2014).

The Receiver's expenses as Temporary Receiver and Receiver ($2,133.06) should be allowed.

The Receiver's counsel's expenses ($2,784.55) should be allowed.

WHEREFORE, the Receiver prays that the Court modify the R&R and (i) allow the Receiver's fees of $341,152.75 and his expenses of $2,133.06; and (ii) allow Berger Singerman's fees of $114,008.61 and its expenses of $2,784.55.[16]

---

[15] Although neither the TRO or Preliminary Injunction limited the Receiver's prospective compensation in any way, the Receiver accepts the utilization of a $295 per hour blended rate.

[16] The Receiver filed his Third Application for Fees and Expense Reimbursement and for Attorneys' Fees and Expenses on June 11, 2019. [**ECF 412**]. The Third Application seeks additional fees of $68,197 for the Receiver and an additional $1,017.07 expense reimbursement to the Receiver, and additional fees of counsel of $28,986 and an additional $1,471.70 expense reimbursement to counsel. Given the remaining Receivership estate balance of $497,563.95 and the fact that the Receiver has estimated that some $2,500 should be reserved for likely expenses through the closing of the Receivership, it is impossible for the entire fee and expense claims to be paid.

Dated: June 28, 2019.

        Respectfully submitted,

        BERGER SINGERMAN LLP
        *Counsel for Barry Mukamal, Temporary Receiver*
        350 East Las Olas Boulevard, Suite 1000
        Fort Lauderdale, Florida 333014
        Telephone: (954) 525-9900

        */s/ P. Benjamin Zuckerman, Esq.*
        Charles H. Lichtman, Esq.
        Florida Bar No. 501050
        P. Benjamin Zuckerman, Esq.
        Florida Bar No. 187143
        clichtman@bergersingerman.com
        bzuckerman@bergersingerman.com
        drt@bergersingerman.com
        drt@ecf.inforuptcy.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on June 28, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel/parties of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel who are not authorized to receive electronically Notices of Electronic Filing.

        By: */s/ P. Benjamin Zuckerman, Esq*
            P. Benjamin Zuckerman, Esq.
            Florida Bar No. 187143

9176069-6

## SERVICE LIST

Service via email to:

***Counsel for Plaintiff, Federal Trade Commission***

Robin L. Rock, Esq.
Federal Trade Commission
225 Peachtree St. NE, Suite 1500
Atlanta, GA 30303-1729
Tel. 404/656-1379
Fax: 404/656-1379
Email: rrock@ftc.gov

Sana C. Chriss, Esq.
U.S. Federal Trade Commission
225 Peachtree St. NE, Suite 1500
Atlanta, GA 30303-1729
Tel. 404/656-1364
Email: schriss@ftc.gov

***Counsel for Plaintiff, State of Florida***

Genevieve Bonan, Esq.
Assistant Attorney General
1515 N. Flagler Drive, Suite 900
West Palm Beach, FL 33401
Email: Genevieve.Bonan@myfloridalegal.com
Kelly.conte@myfloridalegal.com

***Counsel for Defendants***

Cynthia Fleming Crawford, Esq.
Michael R. Geske, Esq.
Eric R. Bolinder, Esq.
John Vecchione, Esq.
Cause of Action Institute
1875 Eye Street, NW, Suite 800
Washington, DC 20006
Tel: 202-400-2721
Email: mike.geske@causeofaction.org
eric.bolinder@causeofaction.org
john.vecchione@causeofaction.org
cynthia.crawford@causeofaction.org

**Local Counsel for Defendants**

Mario G. Menocal, Esq.
7011 Miller Drive
Miami, FL 33155
Tel: 786-546-5827
Email: service.address@mgmpa.com

9176069-6